RAYMOND NARDO, Esq.
RAYMOND NARDO, P.C.
129 Third St
Mineola, NY 11501
(516) 248-2121
raymondnardo@gmail.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Juan Carlos Gonzalez Ramirez,<br><br>                              Plaintiff,<br><br>     --against—<br><br>Addy Hospitality LLC d/b/a Rust & Gold, Frank Antonetti, an individual, Louis Cohen, an individual, and Jason Janawsky, an individual,<br><br>                              Defendants. | 21-CV-3768 |

Plaintiff, JUAN CARLOS GONZALEZ RAMIREZ, ("Plaintiff") by counsel, RAYMOND NARDO, P.C., upon personal knowledge, complaining of defendants, ADDY HOSPITALITY LLC d/b/a RUST & GOLD (hereinafter "RUST & GOLD"), FRANK ANTONETTI, LOUIS COHEN, and JASON JANAWSKY, jointly and severally (collectively referred herein as "defendants") allege:

### NATURE OF THE ACTION

1.    This action seeks to recover unpaid minimum wages  and overtime and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL") on behalf of plaintiff.

2.    Defendants deprived plaintiff of the protections of the FLSA and NYLL by failing to

pay minimum wage and failing to pay plaintiff premium overtime pay for all hours worked.

## JURISDICTION

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and

jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     This Court also has jurisdiction over plaintiffs' claims under the FLSA pursuant

to 29 U.S.C. § 216(b).

5.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

§§ 2201 and 2202.

## VENUE

6.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C.  §1391

because the corporate defendant is located there and the cause of action arose there.

## THE PARTIES

**Plaintiff**

7.     Defendants employed plaintiff JUAN CARLOS GONZALEZ RAMIREZ to

perform the following duties from on or about July 13, 2020 through May 28, 2021:  cooking

pasta, hamburgers, salads, dips, quesadillas, and enchiladas.

8.     Plaintiff was not exempt from the FLSA.

9.     Defendants employed Plaintiff 6 days per week, from Tuesday to Sunday, for

approximately 50 to 54 hours each week.

10.     Defendants paid plaintiff $11 per hour for all hours worked.

11.     Defendants did not pay plaintiff the required minimum wage.

12.  Defendants did not pay Plaintiff premium overtime pay for hours worked in excess of 40 hours per week.

13.  Plaintiff was not permitted an uninterrupted half hour for required meal breaks.

14.  Plaintiff was an "employee" of defendants within the meaning of the FLSA and the NYLL.

**Defendants**

15.  Defendant Addy Hospitality LLC d/b/a Rust & Gold is a New York corporation with its principal executive office located at 345 Main Street, Unit 1, Huntington, NY 11743, and operates out of 70 Gerard Street, Huntington, NY 11743.

16.  Defendant Addy Hospitality LLC d/b/a Rust & Gold is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.  Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including meat, bread products, dry goods, napkins, and alcoholic and non-alcoholic beverages, and (2) an annual gross volume of sales in excess of $500,000.

17.  Addy Hospitality LLC d/b/a Rust & Gold is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed plaintiffs.

18.  At all relevant times, FRANK ANTONETTI has maintained control, oversight, and direction over plaintiff.

19.  Defendant FRANK ANTONETTI is an owner and/or officer of Addy Hospitality LLC d/b/a Rust & Gold.  He exercises sufficient control over both corporations' operations to be considered plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein, established and exercised authority regarding Defendants' pay practices.

20.  At all relevant times, LOUIS COHEN has maintained control, oversight, and direction over plaintiff.

21.  Defendant LOUIS COHEN is an owner and/or officer of Addy Hospitality LLC d/b/a Rust & Gold.  He exercises sufficient control over both corporations' operations to be considered plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein, established and exercised authority regarding Defendants' pay practices.

22.  At all relevant times, JASON JANAWKSY has maintained control, oversight, and direction over plaintiff.

23.  Defendant JASON JANAWSKY is an owner and/or officer of Addy Hospitality LLC d/b/a Rust & Gold.  He exercises sufficient control over both corporations' operations to be considered plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein, established and exercised authority regarding the Defendants' pay practices.

24.   The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, or joint employer, within the meaning of the FLSA.

25.   Defendants are covered by the New York State Hospitality wage order.

### DEFENDANTS' FAILURE TO PAY MINIMUM WAGES

26.   Defendants suffered or permitted plaintiff to work and did not compensate plaintiff at the minimum wage required under the FLSA and New York Labor Law.

### DEFENDANT'S FAILURE TO PAY OVERTIME

27.   Defendants suffered or permitted plaintiff to work more than 40 hours per week, without paying Plaintiff premium overtime pay at the rate of time and one half for hours worked in excess of 40 hours per week under the FLSA and New York Labor Law.

### DEFENDANTS' VIOLATIONS OF THE
### WAGE THEFT PREVENTION ACT

28.   The NYLL and Wage Theft Prevention Act requires employers to provide all employees with a written notice of wage rates within ten days of the time of hire and when the wage rate is increased.

29.   Defendants failed to furnish plaintiff with wage notices as required by § 195(1) of the Labor Law.

30.   The NYLL and Wage Theft Prevention Act requires employers to provide all employees with an accurate statement accompanying every payment of wages, which lists the name and phone number of the employer, regular rate of pay, overtime rate of pay,

regular hours worked, overtime hours worked, gross wages, net wages, and additional information.

31.   Defendants also failed to furnish plaintiff with accurate statements of wages, as required by § 195(3) of the Labor Law.

## SPREAD OF HOURS PAY

32.   Pursuant to of New York State labor regulations. N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4, Defendants were required to pay Plaintiff an extra hour of pay at the basic minimum hourly wage for each day that Plaintiff's spread of hours worked exceeded 10 hours per day.

33.   Defendants failed to pay Plaintiff an extra hour of pay for each hour in which Plaintiff's spread of hours met, or exceeded, 10 hours per day.

## FIRST CAUSE OF ACTION
### (FLSA – Unpaid Minimum Wages)

34.   Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

35.   At all times relevant, plaintiff was an "employee" within the meaning of 29 U.S.C. §§ 201 *et seq.*

36.   At all times relevant, defendants have been employers of plaintiff, engaged in commerce and/or the production of goods for commerce, within the meaning of 29 U.S.C. §§ 201 *et seq.*

37.   Defendants have failed to pay plaintiff minimum wages to which he is entitled

under the FLSA.

38.  Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

39.   Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

40.  Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

41.  As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being denied minimum wage in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### (NYLL – Unpaid Minimum Wages)

42.  Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

43.  Defendants are "employers" within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and defendants therefore employed plaintiff.

44.  Defendants have engaged in a widespread pattern, policy, and practice of

violating the NYLL, as detailed in this Complaint.

45.   At all times relevant, plaintiff was an employee of defendants, and defendants have been employers of plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

46.   Defendants have failed to pay plaintiff the minimum wages to which Plaintiff is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

47.   Through their knowing or intentional failure to pay minimum hourly wages to plaintiff, defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

48.   Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover from defendants unpaid minimum wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### (Overtime Pay Under the FLSA)

49.   Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

50.   Defendants were required to pay plaintiff no less than one and one-half (1½) times the regular rate of pay for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

51.   Defendants failed to pay plaintiff the overtime wages to which Plaintiff was entitled under the FLSA.

52.  Defendants wilfully violated the FLSA by knowingly and intentionally failing to pay plaintiff overtime wages in accord with a policy, custom, and/or practice of Defendants.

53.  Due to defendants' violations of the FLSA, plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**(Overtime – NYLL)**

54.  Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

55.  Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiff one and one-half (1 ½) the regular rate of pay for all hours she worked in excess of forty.

56.  Defendants failed to pay plaintiff the overtime wages to which Plaintiff was entitled under the NYLL.

57.  Defendants willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff's overtime wages.

58.  Due to defendants' wilful violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**(NYLL – Failure to Provide Wage Notices)**

59.  Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

60.  Defendants have willfully failed to supply plaintiff with a wage notice, as required by NYLL, Article 6, § 195(1), in English, or in the language identified by plaintiff as their primary language, containing plaintiff's rate or rates of pay and  basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

61.  Through their knowing or intentional failure to provide plaintiffs with the wage notices required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

62.  Due to defendants' violation of NYLL § 195(1), plaintiff is entitled to recover from defendants liquidated damages $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## SIXTH CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Statements)

63.  Plaintiff realleges, and incorporates by reference, all previous allegations as

though fully set forth herein.

64.  Defendants have willfully failed to supply plaintiff with an accurate statement of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

65.  Through their knowing or intentional failure to provide plaintiff with the accurate wage statements required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

66.  Due to defendants' violation of NYLL § 195(3), plaintiff is entitled to recover from the defendants liquidated damages of $5,000,  plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

### SEVENTH CAUSE OF ACTION
### (Spread of Hours Pay)

67.  Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

68.  Defendants regularly and knowingly required Plaintiff to be at work for a spread of hours equal to, or greater than, ten (10) hours per day.

69.  Defendants knowingly, willfully, and intentionally failed to pay Plaintiff one extra hour's pay, at the basic minimum wage, for every day in which the interval between Plaintiff's start and end times exceeded ten hours, in violation of New York State labor regulations. N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4.

70.  Because of Defendants' willful violation of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, Plaintiff's unpaid wages originating from the spread of hours provision, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

a.  Declaring that defendants have violated the minimum wage and overtime pay of the FLSA, and supporting United States Department of Labor Regulations;

b.  declaring that defendants have violated the minimum wage and overtime provisions of the NYLL, and supporting regulations;

c.  declaring that defendants have violated the Wage Theft Prevention Act;

d.  declaring that defendants' violations of the FLSA were willful;

e.  declaring that defendants' violations of the NYLL were willful;

f.  awarding plaintiff damages for all unpaid wages;

g.  awarding plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

h.    awarding damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

i.    awarding plaintiff liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

j.    awarding plaintiff damages for spread of hours pay, including liquidated damages;

k.    issuing a declaratory judgment that the practices complained of in this  Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

l.    awarding plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

m.    granting an injunction requiring defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

n.    awarding plaintiff reasonable attorneys fees' and costs pursuant the FLSA and the NYLL;

o.    awarding such other and further relief as the Court deems just and proper.

Dated:      Mineola, NY
            July 5, 2021

                                        RAYMOND NARDO, P.C.

                          By:      RAYMOND NARDO, ESQ.
                                   129 Third St
                                   Mineola, NY 11501
                                   (516) 248-2121
                                    raymondnardo@gmail.com
                                   *Counsel for Plaintiff*